## DENNIS P. EDGAR v. DANIEL W. BUCK.

*Equity—Plea in bar—Res judicata.*

1. Complainant filed a bill for a partnership accounting, to which defendant interposed a plea of a former suit and adjudication for the same subject-matter between the same parties, and attached copies of the pleadings in the former case showing such identity. The truth of the plea was not put in issue, but an argument was had on the pleadings. The decree in the former case purported to be made upon a hearing upon pleadings and proofs to be taken in open court, and dismissed the complainant's bill upon his consent, as therein stated, and without any saving clause or words qualifying its effect.

   *Held,* that the decree appears to have been made upon the merits, and is a bar to further proceedings in the second suit.

2. The effect of a voluntary dismissal of a complainant's bill is the same as an adverse one, if made upon the hearing, when the merits are involved.

Appeal from Jackson. (Gridley, J.) Argued February 2, 1887. Decided April 14, 1887.

Bill for partnership accounting. Decree dismissing bill affirmed. The facts are stated in the opinion.

*G. H. Wolcott* and *Richard Price*, for complainant.

*R. A. Montgomery*, for defendant.

CHAMPLIN, J. The bill of complaint in this cause is filed for the purpose of obtaining an account and settlement of partnership transactions between the parties, and was filed in the early part of the year 1886.

The defendant interposed a plea of a former suit and adjudication for the same identical matter between the same parties. Copies of the pleadings in the former suit are attached to and made a part of the plea, from which the identity of the parties and subject-matter appears. The bill in that case was filed in the circuit court for the county of Ingham, sitting in chancery, on the twenty-seventh day of March, 1880. An answer was filed September 7 following, and replication was filed February 13, 1882. Afterwards and on the twenty-first of January, 1885, the cause was brought on to be heard in open court upon pleadings and proofs then to be taken, and on said day the following decree was made and entered in said cause:

"DENNIS P. EDGAR
        vs.
 DANIEL W. BUCK.

"At a session of said court, continued and held at the court-house in the city of Lansing, this twenty-first day of January, A. D. 1885.

"Present, Hon. G. T. GRIDLEY, Circuit Judge.

"This cause having come on to be heard upon pleadings and proofs to be taken in open court, upon the consent of the complainant in open court, it is ordered, adjudged, and decreed by the court now here that the complainant's bill of complaint be, and the same is hereby, dismissed, with costs to complainant to be taxed, and that defendant have execution therefor."

The question is whether the plea is sufficient to bar a further prosecution of this suit. We think it is. The decree rendered in the former suit appears to be a decree upon the merits at the hearing. It is a fundamental principle in the administration of justice that a question once litigated and determined between the parties in a court of competent jurisdiction is to be considered as at rest. There is nothing to indicate the grounds of dismissal of the former suit. It appears, however, that it was done upon a hearing upon pleadings and proofs to be taken in open court, and that the dismissal of the bill was absolute, and upon consent of complainant, without any words of qualification usually inserted where the dismissal of the bill is not intended as a final disposition of the merits of the controversy.

It is laid down in Mitford & Tyler's Pleadings and Practice in Equity, at page 350, that a decree or order dismissing a former bill for the same matter may be pleaded in bar to the new bill, if the dismission was upon the hearing, and was not in terms directed to be without prejudice. And such is the current of authority generally. 1 Daniel, Ch. Pr. 683–685; Story, Eq. Pl. § 793.

To operate as a bar to a subsequent suit, however, the dismission must have been upon the merits, or, if voluntarily, after proofs taken, and the cause in readiness for hearing. *Perine v. Dunn*, 4 Johns. Ch. 142; *Neafie v. Neafie*, 7 Id. 1; *Wilcox v. Balger*, 6 Ohio, 406; *French v. French*, 8 Id. 214; *Jenkins v. Eldredge*, 3 Story, C. C. 299; *Davis v. Hall*, 4 Jones, Eq. 403; *Borrowscale v. Tuttle*, 5 Allen, 377.

In *Foote v. Gibbs*, 1 Gray, 412, where the plea of a former suit was interposed, the decree was in the following language:

"And now in this term, before the court, have come the parties by their said attorneys, and this action is dismissed on motion of defendants. Defendants ask costs, which are granted."

The former suit stood before the court upon bill, answer,

and replication. The case does not show that any proofs had been taken. The court held that, where a decree like the above was entered, with no words of qualification, such as "dismissed without prejudice," or "without prejudice to an action at law," or the like, it was conclusively presumed to be upon the merits, and was a final determination of the controversy. See, also, *Bigelow v. Winsor*, 1 Gray, 301.

In the case before us the dismissal appears to have been upon the consent of the complainant, and therefore voluntary. But the effect of a voluntary dismissal is the same as an adverse one, if made on the hearing, when the merits are involved. The plea states that, when the cause was brought on for hearing, the complainant announced in open court that no cause of action existed or could be made against the defendant, and consented to the entry of a final decree dismissing the bill. The truth of the plea was not put in issue by the filing of a replication, but was brought on for argument, and the only question is as to the sufficiency of the plea to bar the action, if true. As before stated, we think it is sufficient.

The decree of the circuit court must be affirmed, with costs, and the record remanded to the court below, where the complainant may, within 10 days after notice that such plea is allowed, if he choose, take issue on the plea upon payment of the costs of this Court, and of the hearing in the court below.

The other Justices concurred.