CASSIE E. FILER v. THOMAS W. FILER.

*Divorce—Plea—Res judicata—Temporary alimony.*

1. The dismissal of a bill for divorce on the ground of the *illegality* of the marriage sought to be dissolved cannot affect the right of the complainant to file a second bill for the dissolution of a later, *legal*, marriage.

2. Pending a decision as to the sufficiency of a plea of a prior adjudication, filed by a husband to a bill for divorce, the court has jurisdiction of the matter of the allowance of temporary alimony, and on an appeal from an order adjudging the defendant in contempt for failure to pay such alimony, the appellate court will not pass upon the issue raised by said plea, which was not replied to, but was noticed for hearing by the complainant.

3. Where a bill for divorce alleges a marriage out of the State, and acts of cruelty immediately following such marriage, without locating the place of their infliction or giving their dates, and is filed subject to the provisions of Act No. 137, Laws of 1887, which requires a residence of two years in this State where the cause for divorce occurred out of the State, and alleges but one year's residence, which bill is not demurred to but stands for hearing upon a plea of a former adjudication, the court has a right, while the case is being disposed of, upon a proper showing, to grant temporary alimony, and to enforce its order for payment of the same.

Appeal from Wayne. (Reilly, J.) Argued July 10, 1889. Decided November 8, 1889.

Bill for divorce. Defendant appeals from an order adjudging him guilty of contempt for failure to pay temporary alimony. Affirmed. The facts are stated in the opinion.

*George H. Penniman,* for complainant.

*Alfred Russell* and *Edward A. Gott,* for defendant.

MORSE, J. On April 11, 1889, the complainant filed

her bill in the Wayne circuit court in chancery, alleging her marriage with the defendant at Port Hope, Ontario, in the month of January, 1874; and that two children were born of said marriage, to wit, Claude, born June, 1875, and Adelbert, born March 5, 1879. She further alleges brutal and cruel treatment by the defendant. She also avers that shortly before the birth of her first child the defendant informed her that she was not his wife; that he had a legal wife living, to wit, one Mary A. Filer; that afterwards, on March 4, 1881, the said defendant procured a divorce from the said Mary A. Filer in the circuit court for the county of Oakland, in chancery. That in a few weeks thereafter the complainant and defendant proceeded to Waterloo, in the State of New York, and were there again married, before William H. Burton, a justice of the peace; that this marriage was followed by cohabitation as husband and wife; that said justice delivered a certificate of the marriage to said defendant, who afterwards tore up and destroyed the same.

Complainant also shows in her said bill that the defendant has for a number of years last passed been living in open and notorious adultery with a woman named Beaubien; and that she is informed that this woman claims to be married to him. She further avers that the defendant has made false charges of improper conduct against her, and induced others to do so; that for the last three years he has not supported her, or her said children. She avers that she has been a resident of this State—

"For more than one year immediately preceding the filing of this, her bill of complaint."

She prays temporary alimony, solicitor's fees, and expenses of suit, and that a decree from bed and board be granted her, with care and custody of the children,

and such other relief and remedy as may be agreeable to equity in the premises.

She also filed a petition for temporary alimony, etc. A copy of this petition, and notice of motion for an order upon said petition, to be heard April 22, 1889, was served on the defendant April 15, 1889.

On April 20, 1889, the defendant filed and served a plea in the cause. This plea sets forth a former adjudication between the parties, in substance as follows: That on August 10, 1885, the complainant filed a bill for divorce in the same court, and praying a decree from the bonds of matrimony, on the ground of extreme cruelty; that in said bill she alleged marriage with defendant at Port Hope, Ontario, on January 22, 1874, and that the parties lived and cohabited as husband and wife from that time until August 10, 1885. She made no allegation of second marriage. That the defendant answered this first bill under oath, denying the marriage at Port Hope, and averring that at the time of such alleged marriage he had a lawful wife then living; that he also denied cohabitation with complainant as her husband, as alleged in the bill, but admits that he had intercourse with complainant, who knew that he had a lawful, living wife; that complainant refused to "go through any marriage ceremony with this defendant before any minister," and after March 4, 1881, refused to permit the defendant to have any further intercourse with her, and has cohabited with other men, and is intemperate; and since said day this defendant has not had intercourse with her.

"Any children borne by the complainant, if the fruit of intercourse with this defendant, were born out of wedlock."

That he also denies all charges of cruelty, or any misbehavior charged in the bill of complaint; that the answer was not replied to; and thereafter the cause was heard on

bill and answer, and the bill dismissed; that the decree of dismissal was duly enrolled, was not appealed from, and now stands not reversed, and of record in said court. This plea was on oath.

On April 29, 1889, an order was made, on the hearing of the petition for temporary alimony, that the defendant pay to said complainant, or her solicitor, $10 per week from the date of the filing of the bill, as temporary alimony, and $50 solicitor's fees.   The defendant refused to comply with this order, and such proceedings were had thereafter that an order adjudging him guilty of contempt in so refusing was made May 14, 1889. From this order defendant appeals.

The plea in the cause of former adjudication was not replied to, but was noticed for hearing by the solicitor for the complainant.   It is claimed by the solicitor for the defendant that the plea must be taken as true, and that, therefore, it was a complete bar to the application for alimony; citing *Edgar v. Buck,* 65 Mich. 356 (32 N. W. Rep. 644).   But the present bill is filed for a divorce, from bed and board, and not from the bonds of matrimony; and it is chiefly based upon an alleged legal marriage of a different and later date than the one alleged in first bill, which is conceded by the complainant in her second bill to have been illegal, because of the then existence of a lawful wife.

There is nothing in the plea or in the decree in the first case to indicate the grounds of dismissal of that bill; and it may have well been because of the illegality of the marriage averred therein.   If so, the adjudication therein would not affect the right of complainant to file the present bill, the basis of which is another, later, and legal marriage.   The matter of the sufficiency of said plea as a bar to the present suit of complainant has not yet been determined by the lower court, and we do not feel

called upon, in this appeal, to pass upon that question. The proceedings adjudging defendant in contempt seem to have been otherwise regular; and, until the court below had passed upon the plea, it certainly had jurisdiction of the matter of temporary alimony and solicitor's fees, while such plea was pending and undisposed of.

The further point is made that the court below had no jurisdiction because the bill only alleges a residence in this State of *one* year immediately preceding the filing of complainant's bill, while the statute of 1887 (Laws of 1887, p. 151) requires a residence of two years in a case where the cause for divorce occurred out of this State. It is argued, in support of this point, that the bill alleges a marriage out of the State, and then avers acts of cruelty immediately following such marriage; thereby leaving the inference that such acts occurred out of this State, as no dates are given or places named when or where said acts were committed.

As the case stands in this Court, we cannot consider this claim of defendant. The bill of complaint has not as yet been demurred to. The case stands now upon bill and plea. The court below had a right, upon a proper showing, to grant temporary alimony, and to enforce its orders granting the same. While the case is being disposed of, there can be no injustice in treating this complainant the same as other complainants in divorce cases. When the lower court determines that she had no standing in court, then she can have no claim to alimony; but, until this is decided, she is before the court, and entitled, if without means, to the usual aid afforded in such cases by a court of equity.

The order of the court below is affirmed, with costs of this appeal to complainant.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred with MORSE, J.

CAMPBELL, J., (*dissenting*).  I think no temporary alimony can be granted where the marriage is in dispute. I think, further, that the former divorce proceedings are a bar to the present claim of complainant.