## HILL v. BRYANT.

Opinion delivered October 19, 1895.

ACTION—ABATEMENT AND REVIVAL.—An action commenced by an administrator and abated because of the subsequent revocation of his letters may be revived and proceed in his name as administrator upon his subsequent reinstatement as administrator, under Sand. & H. Dig., sec. 5925, providing that where the powers of one of the parties as a personal representative cease before judgment, the action may be revived and proceed in the name of his successor.

Petition for Prohibition to Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

This is an application for a writ of prohibition. The petitioner, Joseph M. Hill, as administrator of the estate of L. P. Sandels, deceased, seeks by it to restrain and prohibit the respondent, Edgar E. Bryant, as judge of the Sebastian circuit court for the Fort Smith district, from proceeding further with an action pending in said court wherein one T. R. Pipkin, as administrator of the estate of H. C. Ernest, is plaintiff, and the petitioner, Joseph M. Hill, as administrator of the estate of L. P. Sandels, is defendant.

The facts of that case, so far as it is necessary to state them, are as follows: T. R. Pipkin, as administrator of the estate of H. C. Ernest, on the 14th of April, 1893, instituted suit against L. P. Sandels in the Sebastian circuit court for the Fort Smith district. Pipkin claimed to be administrator of said estate by virtue of an appointment made by the United States court in the Indian Territory. Pending the suit, Sandels died, and it was revived against the petitioner, Joseph

M. Hill, as administrator of said Sandels. Said Hill filed his answer, setting up, among other things, the defense that the plaintiff was not the administrator of the estate of H. C. Ernest; that the letters issued to him as such administrator by the United States court were void; that they were procured through fraud, and had been revoked and declared void.

Upon the issues made by the complaint and said answer, the cause went to trial. After hearing the evidence, the jury, under the direction of the court, returned the following verdict: "We the jury find that the letters of administration granted plaintiff on the estate of H. C. Ernest, deceased, by the United States court, in the Indian Territory, for the second judicial district thereof, on April 11, 1893, have been revoked by said court since the commencement of this action, and on that issue we find for the defendant. (Signed) H. Stone, foreman." Upon such verdict the court gave judgment that "the cause stand abated, subject to be revived in the name of a duly appointed administrator for the estate of H. C. Ernest, deceased," etc.

Afterwards the United States court set aside and annulled the order revoking the letters of administration granted said Pipkin, and reinstated him as administrator of the estate of said Ernest. Thereupon Pipkin filed his petition in the Sebastian circuit court, asking that the action against Jos. M. Hill, as administrator of L. P. Sandels, which, by the order of the court, had been abated, be revived in his name as the administrator of Ernest. To this petition, Hill, as administrator, filed a demurrer; also a response setting up, in substance, that the verdict of the jury and the judgment of the court thereon was a judgment in bar, and that the action could not be revived.

Upon consideration of the same, the court overruled said demurrer and response, and ordered the action re-

vived in the name of H. C. Ernest, to which ruling said Hill, as administrator, excepted, and now files his petition for a writ of prohibition to prevent the circuit court from further proceeding in said cause.

*Jos. M. Hill* and *W. E. Hemingway*, for petitioner.

1. Petitioner in the court below pleaded *ne unques* administrator, and that the pretended administration had been revoked. This plea, formerly called *Ne unques administrator*, was always a plea in bar. 7 Blackf. (Ind.) 470; 11 So. 436; 7 Blackf. (Ind.) 593; 4 Denio (N. Y.), 85; 1 Werner on Adm. p. 586; 1 Ark. 361. The effect of it, if sustained, was to end the suit.

2. Prohibition is the proper remedy. 23 Atl. 878; 2 S. W. 843; 20 N. Y. 540; 2 Spelling, Ext. Leg. Rem. secs. 1725, 1726.

3. The practice of granting an ancilliary injunction in aid of its appellate jurisdiction is settled by this court. 55 Ark. 112. But the remedy by injunction is incomplete, expensive, long and tedious. The remedy by prohibition is the correct proceeding, and speedily ends the contest.

4. The statutes of revivor in this state do not apply to revivor *after* judgment, but solely to actions which have not become *res adjudicata*.

*Jo Johnson* for respondent.

Injunction does not lie against a non-resident, out of the jurisdiction of the court. This court will not issue an injunction or an original application therefor. Title, ''Injunction.'' 1 H. & M. Dig. par. 1, 2, 14, 15, 37 and 73; Sand. & H. Dig. sec. 3777. Prohibition never issues, unless the inferior court has clearly exceeded its authority, and the applicant has no other remedy. 33 Ark. 191.

RIDDICK, J., (after stating the facts.) It is contended by petitioner that the verdict of the jury and the

judgment of the circuit court ordering the suit first brought by Pipkin, as administrator, abated, must be treated as in effect a judgment at bar. We do not agree with this contention. It may be true, as contended, that petitioner, to defeat that action, set up in effect the ancient plea of *ne unques administrator*, and we may even concede such a plea to be a plea in bar, but the finding of the jury does not sustain it.

An essential part of such a defense to defeat an action like the one brought by Pipkin, as administrator, is the allegation that the plaintiff "is not now and was not at the commencement of this suit administrator," etc. 3 Chitty's Pleadings, 941.

The answer of Hill alleged that the letters of administration granted Pipkin were void, and had been so declared by the court that issued them, and that he had never been legally appointed administrator. It, in effect, alleged that Pipkin was not administrator then, nor such at the commencement of the action. But the finding of the jury does not support the allegation that Pipkin was not administrator at the time the suit commenced. On the contrary, they found that he was such administrator, but that his letters had since been revoked. In other words, that his powers as such representative had ceased. This finding of the jury and judgment of the court that Pipkin's powers as a personal representative had ceased after the commencement of the action, brought the case squarely within the scope of sec. 5925 of Sand. & H. Digest. That section is as follows: "When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survives in favor of or against his representatives or successors, the action may be revived and proceed in their names."

Pipkin, being afterwards reinstated as such administrator, became his own successor; and we think the

court properly held that the action might be revived, and proceed in his name as administrator of Ernest.

We have not considered the question whether, even had the order of revivor been improperly made, the writ of prohibition would have been the proper remedy. For the reasons above stated, the petition for such writ must be denied.