[No. 5842. Decided December 11, 1905.]

LEWIS R. DAWSON, *Respondent*, v. MAMIE C. DAWSON, *Appellant*.[1]

APPEAL—RECORD—EVIDENCE NOT BROUGHT UP. Upon appeal from an order denying an application as to the custody of children, the supreme court cannot review the decision where both sides consented that the trial court interview the children privately and use the information thus acquired, and the testimony so taken is not brought up in the record.

APPEAL—REVIEW—ESTOPPEL—CONSENT TO PROCEEDINGS. The appellant cannot allege error in the court's availing itself of a private examination of witnesses, after having consented to such proceeding.

Appeal from an order of the superior court for King county, Morris, J., entered March 23, 1905, after a hearing before the court on the merits, denying a petition to modify a decree of divorce. Affirmed.

*McCafferty & Bell,* for appellant.
*Harold Preston,* for respondent.

PER CURIAM.—On July 10, 1896, the respondent obtained a divorce from the appellant, for cause distinctly stated in

[1]Reported in 82 Pac. 937.

the complaint and found proven by the court granting the decree. The issue of the marriage between the appellant and respondent was two boys, then of the ages of five and six years, respectively. The decree (as subsequently modified) awarded the custody of these boys to the appellant until the youngest should reach the age of eight years, when it directed that they be given into the custody of the respondent. On their arriving at the age named in the decree, the respondent took them into his custody and has since cared for and maintained them. In this proceeding the appellant seeks to have the decree modified, so as to award to her their custody; alleging in her petition therefor that the boys are not being properly cared for, are unhappy in their present surroundings, and that she is abundantly able to control and maintain them. Issue was taken on the allegations of the petition and a hearing had, resulting in a refusal on the part of the court to modify the decree.

The appellant's counsel contend earnestly that the conclusion reached by the court is erroneous, and that it is made to appear clearly by the record that the welfare of the children requires a change from their present surroundings. But while we might think these questions doubtful, even upon the record as presented to this court, we are met at the threshold of our examination with the fact that the evidence that was before the trial court, and upon which it based its conclusion, is not all in the record. In support of the petition and the denial thereof, affidavits and counter-affidavits were filed. These are in the record. But it appears that both parties agreed that the trial judge might examine the boys privately, apart from the parties and their counsel, and use the information that he might thus acquire in arriving at his conclusions. It appears that the judge availed himself of this consent; that he did examine the boys privately; and a perusal of his opinion shows that his conclusion was

42—40 WASH.

made up largely from the facts elicited from this examination. Without the evidence of these witnesses before us, we cannot determine whether the conclusion of the court upon the merits was right or wrong.

Apparently appreciating the situation, the appellant, in her brief, assigns as error the manner in which these witnesses were examined, but plainly the appellant cannot successfully complain in this court of that to which she consented in the court below.

The order appealed from is affirmed.