[Nos. 8717, 8718.   Department One.   March 23, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Leopold F. Schmidt et al., Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY *et al., Respondents.*[1]

JUDGMENT—CONCLUSIVENESS—JUDGMENT ON DEMURRER.   Where a demurrer to the merits of a petition in intervention is sustained and the complaint dismissed, the judgment is final and a bar to any recovery on the grounds stated.

SAME—DISMISSAL IN EQUITY.   A decree dismissing a bill in equity without restricting its scope is presumed to be on the merits and is *res judicata.*

EMINENT DOMAIN—PROCEEDINGS—REVIEW—CERTIORARI.   Error in sustaining a demurrer to a complaint in intervention in condemnation proceedings can only be reviewed by a timely application for a writ of certiorari.

JUDGMENT—CONCLUSIVENESS—EMINENT DOMAIN—PLEADINGS.   The fact that pleadings are not required in condemnation proceedings, does not affect the conclusiveness of a judgment thereon.

PLEADINGS—AMENDMENT—DILIGENCE—DISCRETION.   It is discretionary to refuse leave to file amended answers at the trial, where two years had elapsed after demurrers were sustained to the new matter in the answers.

Certiorari to review orders of the superior court for Thurston county, Clifford, J., entered March 3, 1910, adjudging a public use and directing a jury to assess damages in a proceeding to condemn water rights for power purposes. Affirmed.

[1] Reported in 114 Pac. 427.

*G. C. Israel, M. L. Pipes, Frank C. Owings,* and *George H. Funk,* for relators.

*Troy & Sturdevant* and *A. J. Falknor,* for respondents.

GOSE, J.—On the 10th day of July, 1907, the Olympia Light and Power Company, a public service corporation operating an electric street railway in the city of Olympia and in the town of Tumwater and between such points, and operating an electric light plant at such points, commenced two condemnation proceedings, one against the relators. Schmidt, and the other against the Olympia Brewing Company. The purpose of these actions was to condemn and appropriate certain water rights in the Des Chutes river. On October 29, 1907, leave of court having been obtained, the relator, the Tumwater Power and Water Company, filed its complaint in intervention in both proceedings. It alleged that on July 9, 1907, it had a franchise from the town of Tumwater, granting it the use of the streets and alleys for laying mains and supplying the inhabitants of the town with electricity for lighting, heating, and power purposes, and also for supplying them with water; that it had an option to purchase the water rights of the defendants Schmidt, and that it had leased the water rights of the defendant, the Olympia Brewing Company, the same being the water rights sought to be appropriated; and that when the actions were commenced, it was proceeding diligently toward the utilization and application of the water to the privileges embraced in its franchise. The plaintiff interposed separate demurrers to the intervener's complaints, based upon two grounds; (1) that the intervener had no legal capacity to intervene; and (2) that its complaint does not state facts sufficient to constitute a cause of action, defense, or counterclaim. The demurrers were sustained, and the order entered thereon, omitting the title, is. as follows:

"The demurrer of the plaintiff to the complaint herein in intervention of the Tumwater Power & Water Company hav-

ing been duly heard by the court it is now considered and adjudged that said demurrer be and the same is hereby sustained. Said intervener excepts and said exception is allowed. And said intervener declining and refusing to further plead, it is further adjudged and ordered that said complaint be and the same is hereby dismissed."

The defendants in the condemnation cases pleaded affirmatively substantially the same matter pleaded by the intervener. Separate demurrers were sustained to the new matter in each of the answers. The orders sustaining the several demurrers were entered on the 4th day of May, 1908. The intervener appealed from the orders of dismissal, and the appeals were dismissed. *Olympia Light & Power Co. v. Tumwater Power & Water Co.*, 55 Wash. 392, 700, 104 Pac. 778, 1135. The appeals were dismissed on the ground that the intervener's remedy was by writ of review and not by appeal. Writs of review were subsequently denied because the applications were not seasonably made. *State ex rel. Tumwater Power & Water Co. v. Superior Court*, 56 Wash. 287, 698, 105 Pac. 815, 816. On February 28, 1910, the motions of the defendants for leave to file amended answers were denied. On the 2d day of March, 1910, both cases proceeded to trial. At the close of the plaintiff's evidence, the relator corporation offered evidence to prove a state of facts substantially the same as those alleged in its complaint in intervention to which the demurrers had been sustained. The evidence was rejected, on the ground that the matters to which it related were *res judicata*. Separate orders were entered on March 3, 1910, declaring that the contemplated use for which the easements were sought to be appropriated by the plaintiff was a public use, and that the public interest requires the prosecution of the enterprise; and directing that a jury be empaneled to ascertain and determine the compensation to be made to the owners of the easements. The relators have applied for a writ of review in both cases, and they will be considered together.

The relators make two principal contentions: (1) that the trial court erred in refusing to hear the evidence of the relator Tumwater Power and Water Company; and (2) that the court abused its discretion in refusing to permit the defendants to file amended answers.

There was no error in rejecting the proffered evidence of the Tumwater Power and Water Company. A demurrer had been sustained to the complaint, alleging the same facts, and the complaint had been dismissed. It sought to review the order of dismissal, first by appeal and second by certiorari. Both remedies proved unavailing. The judgment is therefore final and conclusive. The order of dismissal put it out of the case.

"Judgment upon a demurrer or objection to a complaint that it does not state facts sufficient to constitute a cause of action, when final, determines the merits of the cause as between the parties and their privies." *Plant v. Carpenter*, 19 Wash. 621, 53 Pac. 1107.

"A final judgment rendered on demurrer which goes to the ground of recovery is a judgment on the merits and is *res judicata*." *Brechlin v. Night Hawk Mining Co.*, 49 Wash. 198, 94 Pac. 928, 126 Am. St. 863.

Where a demurrer to the merits of the petition is sustained and a judgment is entered in favor of the demurrant, such judgment, unless reversed, is as final and conclusive between the parties as if founded upon the verdict of a jury. The same rule applies where the demurrer contains several grounds, one of which goes to the merits of the case, as presented in the pleading demurred to. *Merrill v. Board of Com'rs of Ness County*, 7 Kan. App. 717, 52 Pac. 109. A general judgment or decree of dismissal, entered upon a demurrer based upon several grounds, some of which touch the merits of the cause of action, renders all the issues in the case *res judicata*, and constitutes a bar to any subsequent suit for the same cause of action. *Fowler v. Osgood*, 141 Fed. 20; *Indian Land & Trust Co. v. Shoenfelt*, 135 Fed. 484.

"Whenever a decree dismissing a bill in equity fails to restrict its own scope, the presumption, according to the great preponderance of decided cases, is that the issues raised by the proceedings have been disposed of on the merits, and they, therefore, become *res adjudicata*." *Martin v. Evans*, 85 Md. 8, 36 Atl. 258, 60 Am. St. 292, 36 L. R. A. 218.

The same view is announced in *Foote v. Gibbs*, 1 Gray (Mass.) 412; *Hubbell v. United States*, 171 U. S. 203; *Carberry v. West Virginia R. Co.*, 44 W. Va. 260, 28 S. E. 694; *Hall v. Zeller*, 17 Ore. 381, 21 Pac. 192; *Hooven O. & R. Co. v. Featherstone's Sons*, 111 Fed. 81; *Billing v. Gilmer*, 60 Fed. 332; *House v. Mullen*, 22 Wall. 42; *Edgar v. Buck*, 65 Mich. 356, 32 N. W. 644.

In the recent case of *McPherson Bros. Co. v. Okanogan County*, 61 Wash. 239, 112 Pac. 267, quoting from *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49, we said that the general rule is that "in an action between the same parties, a judgment therein is *res judicata* as to all the points in issue, and also all points which might have been raised and adjudicated." The relators cite, in support of their contention, *Wills v. Pauly*, 116 Cal. 575, 48 Pac. 709; *White & Smith v. Savery*, 50 Iowa 515; *Rodgers v. Levy*, 36 Neb. 601, 54 N. W. 1080; *Sessions v. Sherwood*, 78 Mich. 234, 44 N. W. 263; *Hill v. Bryant*, 61 Ark. 203, 32 S. W. 506. In each of these cases it appeared that the judgment was not entered upon the merits.

The contention that the court had no jurisdiction to enter the order dismissing the complaint is without merit. The court had jurisdiction of the parties and the subject-matter, and had jurisdiction to pass upon the legal sufficiency of the intervener's complaint. That it may have erred in its judgment presents no jurisdictional question. The error, if any, should have been corrected by a timely application to this court for a writ of review. This course was not pursued.

The relator also suggests that it should not be bound by the judgment, because pleadings are not required on the part

of defendants in condemnation cases.    As an intervener it would seem that it would be required to show some right in itself touching the subject-matter of the controversy before it would be permitted to intervene.    Aside from this, however, it did plead, and the precise facts upon which it now relies were passed upon adversely to it, and it will not again be heard upon the same facts.    *Northern Pac. & Puget Sound R. Co. v. Coleman*, 3 Wash. 228, 28 Pac. 514; *Ferry v. Ferry*, 9 Wash. 239, 37 Pac. 431; *Dawson v. Dawson*, 40 Wash. 656, 82 Pac. 937; *Eckert v. Schmitt*, 60 Wash. 23, 110 Pac. 635.

There was no error in refusing to permit the defendants to file amended answers.    Almost two years elapsed after the demurrers were sustained to the new matter in the answers before application was made for leave to amend.    The case was then ready for trial.    Moreover it had been adjudged that the relator corporation had no interest in the controversy.    This was the only question sought to be introduced by the amendments.    The pleadings admit that the defendants are the owners of the water rights which the plaintiff seeks to appropriate.

The judgments are affirmed.

FULLERTON, PARKER, and MOUNT, JJ., concur.