## DALTON *v.* MERTZ.

1. DOWER—LAND CONTRACTS—HUSBAND AND WIFE.
   A wife had no dower rights in property held under a land contract by the husband.

2. JUDGMENTS—CONCLUSIVENESS—RES JUDICATA—DISMISSAL AND NONSUIT.
   The decree in a suit to have an assignment of a half interest in a land contract by a husband to defendant declared to be a mortgage, or a trust for the husband's benefit, or void, absolutely dismissing the bill and not dismissing it "without prejudice" or with any words of qualification, must be conclusively presumed to be a dismissal upon the merits so as to operate as a bar to a subsequent suit by either the husband or wife.

Appeal from Wayne; Des Voignes, J., presiding. Submitted June 8, 1917. (Docket No. 19.) Decided July 26, 1917.

Bill by Robert M. Dalton and another against William M. Mertz and another for an accounting. From a decree sustaining a plea in bar, plaintiffs appeal. Affirmed.

*Robert M. Dalton* (*Harrison Geer*, of counsel), *in pro. per.*

*Allan H. Frazer,* for defendants.

KUHN, C. J. This is an appeal from a decree sustaining a plea in bar filed by the defendants to the bill of complaint filed by the plaintiffs against the defendants.

The controversy arises out of a land deal in Grosse Pointe, Wayne county, in 1907. At that time Robert M. Dalton, one of the plaintiffs, and William M. Mertz, one of the defendants, bought certain Grosse Pointe acreage on a land contract from Charles W. Restrick. Differences arose between them with reference to this property which resulted in litigation which finally reached this court; the decision of the case being found in the case of *Dalton* v. *Mertz*, 173 Mich. 153 (138 N. W. 1055). By this decision the plaintiff's bill of complaint was dismissed, and the defendant Mertz became the owner of the property, which he sold in July, 1914. On December 31, 1915, plaintiff Dalton filed a new bill of complaint, joining his wife, Helen, therein, against the defendant, William M. Mertz, and joined Mertz's wife, Lois F. Mertz, as a defendant. In this new bill of complaint it is the claim of Dalton that he took the land contract in question for himself and the defendant William M. Mertz under a verbal agreement as joint and equal purchasers and owners, Dalton holding the undivided one-half interest in trust for Mertz, each to pay one-half the price; that Mertz had represented to Dalton that, if the contract were assigned to him to be held by Mertz for the joint benefit of both, he (Mertz) would make the payments due on the contract, and that Mertz did verbally agree that he would hold said contract for the joint and equal interests of Dalton and his wife and himself; that a written assignment of the contract to Mertz was actually made,

and it is averred that the assignment was upon the verbal agreement of Mertz that he would hold the contract in his name for the equal interests of the plaintiff and Mertz, the same as Dalton had theretofore held said contract for Mertz and himself; and that upon the delivery of said assignment Mertz further verbally agreed that when said property was sold he would account to plaintiff for an undivided one-half of the proceeds, less the payments. The bill prayed that the court decree that the assignment was made for the purpose of Mertz holding the title to the land for the joint and equal benefit of plaintiffs and Mertz, and that the plaintiffs as husband and wife retain an undivided one-half interest therein, notwithstanding the form of the assignment.

The plea in bar filed by the defendants and sustained by the court claims that any rights that Dalton's wife, Helen M. Dalton, had in the matter were privy to Dalton's rights, and that any rights Lois F. Mertz had in the premises were privy to her husband's, William M. Mertz, and that all the rights, claims, and causes of action in this case had been adjudicated and decided upon the merits in the first case in the Wayne circuit court and affirmed by this court in the opinion above referred to.

Mrs. Dalton had no vested interest in the property, and any rights she may have came to her from her husband. It is clear that she has no dower rights in the property held by land contract (*Stephens* v. *Leonard*, 122 Mich. 125 [80 N. W. 1002]) and her signature was therefore not necessary to the transfer of the land contract by assignment. In the first case Dalton brought his action to have the assignment of the land contract declared to be a mortgage, or a trust for his benefit, or void. In this case the husband and wife seek to establish a trust in the proceeds of the sale of the property based upon an al-

leged trust created by the said assignment. The defendant in the first suit contended that the assignment was absolute, and that he was the sole owner of the property by virtue of that instrument, which he claims was what it purported to be upon its face. If it can be said that the first case was decided upon its merits, we are of the opinion that it must also be said that the wife is precluded by that judgment.

In our opinion the crux of this controversy is: Was the first case decided upon its merits? After a careful examination of the records and briefs of both cases, it clearly appears that the interests of the plaintiffs under any theory are contingent upon and necessarily based upon their interests in the land contract. The assignment thereof was absolute on its face, and the court found that the proofs were insufficient to sustain a claim that it was not absolute, and the necessary conclusion must be therefrom deduced that the defendant was the sole owner of the land. The first bill prayed for a one-half interest in the property, and the decree of the lower court, which was affirmed by this court, decreed:

"That complainant's cause is without merit, and that complainant's bill of complaint be, and the same is hereby dismissed."

Moreover, the decree of this court dismissing the bill was absolute, not being dismissed "without prejudice" nor containing any other words of qualification. From this it must be conclusively presumed that the dismissal of the bill was upon the merits. 23 Cyc. p. 1144. The leading case in this jurisdiction is *Edgar* v. *Buck*, 65 Mich. 356 (32 N. W. 644), where this court, speaking through Mr. Justice CHAMPLIN, said:

"The question is whether the plea is sufficient to bar a further prosecution of this suit. We think it is. The decree rendered in the former suit appears to be a decree upon the merits at the hearing. It is a funda-

mental principle in the administration of justice that a question once litigated and determined between the parties in a court of competent jurisdiction is to be considered as at rest. There is nothing to indicate the grounds of dismissal of the former suit. It appears, however, that it was done upon a hearing upon pleadings and proofs to be taken in open court, and that the dismissal of the bill was absolute, and upon consent of complainant, without any words of qualification usually inserted where the dismissal of the bill is not intended as a final disposition of the merits of the controversy.

"It is laid down in Mitford & Tyler's Pleadings and Practice in Equity, at page 350, that a decree or order dismissing a former bill for the same matter may be pleaded in bar to the new bill, if the dismission was upon the hearing, and was not in terms directed to be without prejudice. And such is the current of authority generally. 1 Daniell, Ch. Pr. 683-685; Story, Eq. Pl. § 793.

"To operate as a bar to a subsequent suit, however, the dismission must have been upon the merits, or, if voluntarily, after proofs taken, and the cause in readiness for hearing. *Perine* v. *Dunn*, 4 Johns. Ch. [N. Y.] 142; *Neafie* v. *Neafie*, 7 Johns. Ch. [N. Y.] 1 (11 Am. Dec. 380); *Wilcox* v. *Balger*, 6 Ohio, 406; *French* v. *French*, 8 Ohio, 214 (31 Am. Dec. 441); *Jenkins* v. *Eldredge*, 3 Story, C. C. 299 (Fed Cas. No. 7,267); *Davis* v. *Hall*, 57 N. C. 403; *Borrowscale* v. *Tuttle*, 5 Allen (Mass.), 377.

"In *Foote* v. *Gibbs*, 1 Gray (Mass.), 412, where the plea of a former suit was interposed, the decree was in the following language:

"'And now in this term, before the court, have come the parties by their said attorneys, and this action is dismissed on motion of defendants. Defendants ask costs, which are granted.'

"The former suit stood before the court upon bill, answer, and replication. The case does not show that any proofs had been taken. The court held that, where a decree like the above was entered, with no words of qualification such as 'dismissed without prejudice,' or 'without prejudice to an action at law,' or the like, it was conclusively presumed to be upon the merits, and

was a final determination of the controversy. See, also, *Bigelow* v. *Winsor*, 1 Gray (Mass.), 301."

See, also, *Adams* v. *Cameron*, 40 Mich. 506.

In the case at bar it can be said, in the language of Chief Justice Shaw in the case of *Bigelow* v. *Winsor*, 1 Gray (Mass.), 299, at page 304:

"It was a judgment upon the case made in the bill, and denied by the answers, as established or repelled by proof; it was therefore on the merits, and embraced the whole subject, and, in the opinion of the court, must be held a good bar to this action."

The order of the lower court sustaining the plea is affirmed, with costs to the defendants.

STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred. OSTRANDER, J., did not sit.