CARNES, ADMX: v. STRAIT, JUDGE.

5-364

Opinion delivered July 5, 1954.

[Rehearing denied October 4, 1954.]

BRACKMAN v. WAGGONER, JUDGE.

5-467                                                           270 S. W. 2d 920

Opinion delivered July 5, 1954.

*Moncrief & Moncrief, Bailey & Bailey* and *Barber, Henry & Thurman,* for petitioner.

*Wright, Harrison, Lindsey & Upton, Williams & Gardner* and *J. M. Smallwood,* for respondent.

*J. M. Smallwood, Wright, Harrison, Lindsey & Upton* and *Wm. C. Gibson,* for petitioner.

. *Moncrief & Moncrief, Bailey & Bailey* and *Barber, Henry & Thurman,* for respondent.

GEORGE ROSE SMITH, J. These two petitions for prohibition arise from a conflict in jurisdiction between the circuit courts of Arkansas and Pope counties, in damage suits based upon the same automobile accident. Motions to dismiss having been filed, each circuit court ruled that it had jurisdiction. The plaintiffs in the Arkansas County case now seek to prevent a trial in Pope County, and one of the plaintiffs in the latter jurisdiction asks us to stay the proceedings against him in Arkansas County.

On July 4, 1953, four brothers-in-law, Leonard E. Templeton, Boone Brown, Odis E. Churchill, and Adrian Brackman, were riding in Pope County in a car owned and being driven by Templeton. This vehicle collided with a car owned by John Belcher and being driven by his minor son, Lonnie. The Belchers were residents of Arkansas County. Lonnie Belcher died the next day, on July 5, and on July 6 the administrator of his estate and the next of kin brought suit in Arkansas County against the four brothers-in-law, alleging that the four defendants had been engaged in a joint enterprise at the time of the accident. Four separate actions were later filed in

Pope County against Lonnie Belcher's estate. Our earlier decisions have established the rule that, in conflicts like this one, the party who first obtains valid service of process upon his adversary is entitled to have the case tried in the forum of his selection. *Kornegay* v. *Auten,* 203 Ark. 687, 158 S. W. 2d 473; *Sims* v. *Toler,* 214 Ark. 732, 217 S. W. 2d 928; *Healey & Roth* v. *Huie,* 220 Ark. 16, 245 S. W. 2d 813. The several disputes now before us involve different fact situations and must to some extent be considered separately.

It seems clear enough that the Pope Circuit Court first acquired jurisdiction of the Belcher-Templeton litigation. The Belcher complaint was filed in Arkansas County on July 6, but summons was not served upon Templeton until December 14. In that interval Templeton had brought his action in Pope County and had obtained personal service of process on all defendants by October 21. This order of events is the same as that presented in the *Healey & Roth* case, *supra,* and upon the authority of that case the jurisdiction of the Pope Circuit Court must be sustained.

The Belcher-Brown case and the Belcher-Churchill case are identical in principle and may be examined together. Summonses against Brown and Churchill were issued in Arkansas County on July 6 and were mailed to the sheriff of Pope County. But, as a result of their injuries, both these defendants died before summons was actually served. A return to that effect having been made by the Pope County sheriff, the circuit court of Arkansas County appointed a local citizen as special administrator of the two estates, and on July 15 process in the Arkansas County case was issued and served upon the special administrator. In the month of August the probate court of Pope County appointed a general administrator for the Brown estate and for the Churchill estate, both decedents having been residents of Pope County. That administrator filed separate suits against the Belcher estate and obtained service of process.

Upon these facts the Pope Circuit Court was the first to acquire jurisdiction. The Belcher claim to prior-

ity must rest solely upon the fact that summons was served upon the special administrator appointed by the Arkansas Circuit Court, presumably under the authority of Ark. Stats., 1947, § 27-1009. We regard that appointment as void. The statute in question concerns the revival of actions and permits the court to appoint a special administrator upon the death of the plaintiff or defendant. It seems plain, however, that this statute comes into play only when the court has already acquired jurisdiction over the person who dies *pendente lite*. In that event the statute provides a method of enabling the adverse party to continue the litigation. But here no process whatever had been served upon either Brown or Churchill prior to their deaths. It was certainly not the intention of the legislature, by this law, to allow a plaintiff to sue a nonresident defendant, to obtain no service of any kind upon him, and then, upon his death, to bring his estate into court by the appointment of a special administrator. We therefore sustain the authority of the Pope Circuit Court in the Brown and Churchill cases.

There remains the Belcher-Brackman controversy. In this case a summons issued in Arkansas County was served on Brackman on July 21, which was before Brackman obtained service in the Pope County action that he had filed on July 18. Upon these facts the ruling in the *Healey & Roth* case requires us to uphold the jurisdiction of the Arkansas Circuit Court.

Brackman makes two technical objections to the procedure in Arkansas County. First, when the Belcher complaint was filed the plaintiffs had the clerk issue two summonses against Brackman, one directed to the sheriff of Pope County and the other to the sheriff of Lincoln County. It was the latter summons that was eventually served on this defendant. Brackman now contends that, under Ark. Stats., § 27-311, an alias writ cannot be issued until the first writ has been returned unexecuted, and that therefore the Lincoln County summons was invalid. We do not so interpret the statute. This law merely empowers the clerk to issue an alias writ without an order of court. We perceive no objection, theoretical

or practical, to the simultaneous issuance of summonses directed to two or more counties. When the plaintiff is not certain where the defendant may be found this is evidently a convenient and desirable course for him to follow.

Second, C. A. Walker, the original administrator of Lonnie Belcher's estate, resigned on July 27, and an administrator in succession was appointed on the same day by the Arkansas Probate Court. It is now insisted that the action in Arkansas County abated upon the removal of the original administrator and had to be revived in the name of his successor. Ark. Stats., § 27-1003; *Hill* v. *Bryant*, 61 Ark. 203, 32 S. W. 506. Even so, the order of revivor would relate back to the date of the appointment of the administrator in succession, leaving no interval during which the Arkansas Circuit Court was without jurisdiction of the case. *Cf. Bentley* v. *Dickson*, 1 Ark. 165.

Brackman's main contention is that he and his brothers-in-law were not in fact engaged in a joint enterprise when the collision occurred and that consequently he was improperly joined as a defendant in the Arkansas County case. Whether a joint enterprise existed is a question of fact, which the Arkansas Circuit Court decided adversely to Brackman. We have often held that when the trial court has jurisdiction of the subject-matter and its jurisdiction of the person depends upon an issue of fact, an allegedly erroneous decision can be reviewed only by appeal, not by prohibition. *Robinson* v. *Means*, 192 Ark. 816, 95 S. W. 2d 98; *Keenan* v. *Strait*, 221 Ark. 83, 252 S. W. 2d 76. The rule is sound, for otherwise the trial court's orderly control of its own docket would be frequently disturbed by applications for prohibition. We are not convinced that certain hardships envisaged by Brackman require us to make an exception in his case.

Brackman's petition for prohibition to the Arkansas Circuit Court is denied. The petition of Belcher's administrator for prohibition to the Pope Circuit Court is granted in the Brackman case and denied in the other three cases.