DAVIS *v.* COLVIN, JUDGE.

5-3438                                    385 S. W. 2d 944

Opinion delivered January 25, 1965.

*Ohmer C. Burnside, Jr., Pope, Pratt & Shamburger* and *Wright, Lindsey, Jennings, Lester & Shults,* for Petitioner.

No brief field for Respondent.

ED. F. MCFADDEN, Associate Justice. This is an original proceeding for a writ to prohibit the Circuit Court of Chicot County from entertaining jurisdiction of an action filed therein by A. J. Hulett against the petitioners herein, Harold Davis and Harold Ives; and involves the Act No. 32 of 1961, later to be discussed. A traffic mishap occurred between two motor vehicles on March 27, 1964, near McGehee in Desha County. The occupants of one vehicle were the petitioners, Harold Ives and Harold Davis, both residents of Arkansas County; and the occupant of the other vehicle was A. J. Hulett, a resident of Chicot County. Under Ark. Stats. Ann. § 27-610 (Repl. 1962), the venue for any action resulting from such a mishap would be in either (a) the county of the mishap (Desha), or (b) the county of the residence of the plaintiff bringing such action.

On June 18, 1964, Harold Ives filed action against A. J. Hulett in the Circuit Court of Arkansas County (*i.e.,* the county of residence of said plaintiff) for damages resulting from the said traffic mishap; and on June 23, 1964, Harold Davis filed action against A. J. Hulett in the Circuit Court of Arkansas (*i.e.,* the county of residence of said plaintiff) for damages resulting from said traffic mishap. Summons against the defendant. A. J. Hulett, was duly issued in each of the Arkansas County actions on the date of the filing of the respective complaints, and the summonses were sent to the Sheriff of Chicot County for service on the defendant, A. J. Hulett. All of these summonses were received by the Sheriff of Chicot County on June 25, 1964, but for reasons we need not recount (which do not reflect on the Sheriff in any way) service on A. J. Hulett was not obtained until June 29, 1964. In the meantime, and on June 27, 1964, A. J. Hulett, as plaintiff, filed action against Harold Davis and Harold Ives in the Circuit Court of Chicot County for damages resulting from the said traffic mishap, and forwarded the summonses to the Sheriff of Arkansas County, where the said defendants were each served on June 29, 1964.

In the said case pending in Chicot Circuit Court the defendants, Davis and Ives, filed their motions to dismiss, alleging that the Arkansas Circuit Court had obtained jurisdiction of Hulett *before* he filed his action in the Chicot Circuit Court. When the Chicot Court refused to sustain the said motion to dismiss, the said Davis and Ives filed the present petition in this Court for a writ of prohibition; and the record before us contains all of the pleadings, summonses, and returns in the three cases, as well as the testimony heard in the Chicot Circuit Court on the said motion to dismiss.

Prior to the Act No. 32 of 1961 (as now found in Ark. Stat. Ann. § 27-301 [Repl. 1962]), the matter of jurisdiction was dependent on actual and *legal service* of summons; and our cases reflect this "race for service": *Kornegay* v. *Auten, Judge,* 203 Ark. 687, 158 S. W.

2d 473; *Sims* v. *Toler, Judge,* 214 Ark. 732, 217 S. W. 2d 928; *Healey & Roth* v. *Huie, Judge,* 220 Ark. 16, 245 S. W. 2d 813; and *Carnes* v. *Strait, Judge,* 223 Ark. 962, 270 S. W. 2d 920. To avoid this "race for service" the 1961 Legislature adopted the said Act No. 32, which, in its entirety, reads:

"AN ACT to Amend Civil Code Section 58 (Ark. Stats.

(1947) Section 27-301) to Define the Time of Commencement of a Civil Action."

*"Be It Enacted by the General Assembly of the State of Arkansas:*

"SECTION 1.Civil Code Section 58 (Ark. Stats. (1947) Section 27-301) is amended to read as follows:

" 'A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon, *and placed in the hands of the sheriff of the proper county or counties. If two or more actions are commenced in different courts involving the same subject matter, where the venue is proper in each, then that court shall acquire jurisdiction, to the exclusion of the other, wherein a complaint was filed and a summons issued thereon, and first placed in the hands of the sheriff of the proper county or counties, irrespective of the time of service of summons. Each clerk of court shall endorse on each complaint the exact date and time of day when the complaint was filed and a summons issued thereon and each sheriff shall endorse on each summons the exact date and time of day when the summons was placed in his hands.' "*[1]

Under the facts in this case, the summonses in the Arkansas County actions were placed in the hands of the Sheriff of Chicot County for service on A. J. Hulett

---

[1] We have italicized the language added by the Act No. 32 to the previously existing section. In 15 Ark. Law Review, p. 427, there is this comment about the said Act No. 32: "The only change effected by Act 32 is in the determination of prior jurisdiction in venue races where the same subject matter is involved. By giving jurisdiction to the court where the summons is first received by the serving officer, premium is placed on a plaintiff's diligence in filing suit rather than on the uncertainties of process service."

on June 25, 1964. Such placing for service was *bona Fide* and in no way fictitious, and subsequent actual service proved to be good in favor of the plaintiffs. Such placing of the summonses in the hands of the Sheriff of Chicot County on June 25th established the jurisdiction of the Arkansas Circuit Court. The action filed by Hulett in Chicot County on June 27th should have been dismissed, since the Circuit Court of Arkansas County had already obtained valid jurisdiction.

Some time ago this case was presented to this Court and a temporary writ of prohibition was issued. The temporary writ is now made permanent against the Circuit Court of Chicot County.