Tommy HARVEY and VARI-TECH COMPANY,
A Corporation v. EASTMAN KODAK COMPANY,
A Corporation

80-218                                    610 S.W. 2d 582
Supreme Court of Arkansas
Opinion delivered January 26, 1981

784

*Thaxton & Hout* and *Laser, Sharp, Haley, Young & Huckabay*, for appellants.

*H. David Blair*, for appellee.

STEELE HAYS, Justice. Appellants, Tommy Harvey and Vari-Tech Company, bring this appeal urging that the court below erred in dismissing the direct complaint of the plaintiff, Harvey, against the third-party defendant, Eastman Kodak, under Arkansas Rules of Civil Procedure, Rule 12(b)(6) for "failure to state facts upon which relief can be granted." The appellants also urge that the trial court erred in dismissing the third-party complaint of the defendant, Vari-Tech, against Kodak under the doctrine of *forum non conveniens*. We

find no error in the court's dismissal of the two complaints and, therefore, affirm the decision.

Procedurally, the case below is rather complex, but here we will discuss only those portions at issue in this appeal. On or about June 11, 1979, Tommy Harvey hired another party to perform surveys of lands in Jackson County, Arkansas, in anticipation of constructing levees necessary for the production of rice. Harvey's suit alleged that the work was done improperly due to the defective condition of the surveying equipment used, which was manufactured by the defendant, Vari-Tech, causing damage to the plaintiff in the form of lost profits and expenses.

Vari-Tech filed a third-party complaint against Kodak alleging that any defective condition of the surveying equipment was caused by the negligence of Kodak in supplying defective optical elements glue used in the equipment. In response, Kodak filed a motion to dismiss under the doctrine of *forum non conveniens*, both Kodak and Vari-Tech being foreign corporations.

Subsequently, Harvey filed a direct complaint against Kodak, the allegations of which are more thoroughly discussed below. Kodak responded to the direct complaint of Harvey with a motion to dismiss for "failure to state facts upon which relief can be granted." Rule 12(b)(6), A.R.C.P. The trial court granted both motions.

As to the direct complaint of Harvey against Kodak, we agree with the trial court that the complaint is insufficient and may be properly dismissed under Rule 12(b)(6).

The direct complaint of Harvey against Kodak alleges that Kodak "manufactured a glue" for the optical equipment used, "that due to a failure of said glue" lands were surveyed in a negligent manner by another party. And, "that due to the negligence" of Kodak, plaintiff suffered the damages enumerated. The allegations of the complaint are merely conclusions on a point of law; they do not state *facts* upon which relief can be granted. Rule 12(b)(6) provides for the dismissal

of a complaint for "failure to state *facts* upon which relief can be granted." (Emphasis supplied.) .

Since Rule 12(b)(6) tests the sufficiency of the pleadings, it is necessary to read it in conjunction with Rule 8, which deals with the contents of the pleading. Rule 8 provides:

> A pleading which sets forth a claim for relief, whether a complaint, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) *a statement in ordinary and concise language of facts showing that the pleader is entitled to relief,* . . . (Emphasis supplied.)

This is a significant departure from the Federal Rules of Civil Procedure, on which the Arkansas rules are based. Unlike our own rule, Rule 12(b)(6) of the Federal Rules provides for dismissal of a complaint for "failure to state *a claim* upon which relief can be granted." (Emphasis supplied.) And Rule 8 of the F.R.C.P. provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain . . . *(2) a short and plain statement of the claiming showing that the pleader is entitled ro relief* . . . (Emphasis supplied.)

These two rules establish for the federal courts what is commonly known as "notice pleading." *See, Conley* v. *Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Arkansas has not adopted this view of pleading. In drafting the new Rules of Civil Procedure, the Committee offered language identical to that contained in the federal rules. However, this court deliberately rejected the proposed language in favor of the language contained in the rules as now written. *See*, Cox and Newbern, The New Civil Procedure: The Court that Came in from the Code, 33 Ark. Law Rev. 1 (1979). Since Harvey's complaint against Kodak failed to comply with Rule 8's requirement of "a statement in ordinary and concise language of facts showing that the pleader is entitled to relief," the complaint was properly dismissed under Rule 12(b)(6) for "failure to state facts upon

which relief can be granted." However, because this is a products liability case we point out that the deficiency of the direct complaint of Harvey against Eastman Kodak lies entirely in its failure to meet the requirements of Rule 8 with respect to the allegations of *negligence*, the only cause of action asserted. The pleading does not purport to sound in strict liability or warranty, which are not in any way dependent upon negligence. Fruman and Friedman, *Products Liability*, Vol. 3A, Ch. 16, Pleading and Practice #46.02[3], p. 74. Thus, whether Harvey could have properly stated a cause of action against Eastman Kodak under those theories of liability is not before us.

Under this same point, Harvey argues that even if the direct complaint against Kodak is insufficient, any defect is cured by the third-party complaint of Vari-Tech against Kodak, upon which Harvey is entitled to rely. In support of this theory, he cites us to *Larson Machine, Inc.* v. *Wallace*, 268 Ark. 192, 600 S.W. 2d 1 (1980). We cannot agree with this argument. In *Larson*, we held that the Statute of Limitations was tolled by the filing of the third-party complaint against the third-party defendant so that the later filing of a direct complaint by the original plaintiff against the third-party defendant was not barred by limitations under the Uniform Contribution Among Joint Tortfeasors Act. Ark. Stat. Ann. §§ 34-1001, *et seq.* (Repl. 1962). In *Larson*, we did not go so far as to hold that defects in the pleadings themselves on the direct complaint may be cured by the allegations contained in the third-party complaint. Indeed, we know of no authority for such a proposition.

As to Kodak's motion to dismiss the third-party complaint of Vari-Tech against Kodak under the doctrine of *forum non conveniens*, we find no reversible error in the granting of the motion. It should be noted that none of the parties question the actual sufficiency of the third-party complaint. Nor does any party question the jurisdiction of the trial court over the parties or the cause of action. What is left for this court to decide, then, is whether the trial court could properly refuse to entertain the complaint though it had jurisdiction to do so. Since we have concluded that the court below correctly dismissed the direct complaint of Harvey against Kodak,

what remains is the third-party complaint of Vari-Tech against Kodak, both nonresident corporations. The third-party complaint alleges with particularly strict liability by Kodak, breach of warranties for the optical glue, and that Kodak was negligent in manufacture of the glue. The complaint alleges that Vari-Tech is due indemnity from Kodak on any liability to Harvey. Neither the alleged negligence nor breach of warranty of Kodak to Vari-Tech occurred within this state.

As early as *Grovey* v. *Washington*, 196 Ark. 839, 303 S.W. 2d 578 (1938), this court recognized the doctrine of *forum non conveniens*. In *Grovey*, we said:

> But in actions between nonresidents based on a cause of action arising outside the state, the courts are not obliged to entertain jurisdiction. They may and usually do so on principles of comity, but not as a matter of strict right. In other words, it lies within the discretion of the courts whether or not they will entertain such a transitory action.
>
> *Grovey*, above, at 704.

Although we are no longer bound by classifying actions in terms of being "transitory," we think the decision in *Grovey* sound. In *Running* v. *Southwest Freight Lines, Inc.*, 227 Ark. 839, 303 S.W. 2d 578 (1957), we expressed the considerations the trial court should weigh in applying the doctrine of *forum non conveniens* to be those of convenience to each party in obtaining documents or witnesses, the expense involved to each party, the condition of the trial court's docket "and any other facts or circumstances affecting a just determination." As we have held in *Grovey*, the application of the doctrine of *forum non conveniens* lies within the sound discretion of the trial court in actions between nonresidents. We will not disturb the decision of the trial court on appeal except upon a showing of abuse of that discretion.

In the present case, Vari-Tech is a resident of Michigan and Kodak is a resident of New York. We are inclined to agree that the courts of either of those two states would be a more convenient forum for adjudication of the claims be-

tween these two parties, being ancillary to that of Harvey. Certainly, we find no abuse of discretion in the trial court's dismissal of the complaint under the doctrine of *forum non conveniens*.

We must therefore affirm.