## COUNTRY PRIDE FOODS LIMITED *v.* MEDINA & MEDINA

83-27                                    648 S.W.2d 485

Supreme Court of Arkansas
Opinion delivered April 11, 1983

*Vickery & Jones, P.A.,* for appellant.

*Compton, Prewett, Thomas & Hickey,* by: *Robert C. Compton,* for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellant's complaint for a declaratory judgment *sua sponte* on the grounds: 1) that there was another action pending, and 2) pursuant to Ark. Stat. Ann. § 27-2502 E. (Repl. 1979), inconvenient forum. We agree with the appellant's argument that the court should not have dismissed the complaint without giving appellant an opportunity to present evidence as to the proper forum.

Appellee was a broker in Puerto Rico operating on behalf of the appellant. The relationship was terminated by appellant for what it felt was just cause. Appellee disagreed and filed suit in federal district court in Puerto Rico. Subsequently the appellant filed suit in Union County Circuit Court for a declaratory judgment. The appellee filed a motion to dismiss because there was another action pending, contending the Arkansas trial court lacked jurisdiction. A hearing was held on the motion to dismiss. The court found there were sufficient activities on the part of appellee in Arkansas to give rise to jurisdiction but stated that in the interest of substantial justice the complaint should be dismissed pursuant to Ark. Stat. Ann. § 27-2502 E. There had been no motion by appellee to dismiss because of an inconvenient forum.

The question presented on appeal is whether the court should have *sua sponte* dismissed the complaint. We hold that it was error to dismiss the complaint without hearing evidence as to the proper forum. In *Running* v. *Southwest Freight Lines, Inc.,* 227 Ark. 839, 303 S.W.2d 578 (1957) we held that it was the duty of one wishing to avail himself of the doctrine of *forum non conveniens* to produce evidence to sustain the allegations of the motion. In *Running* we held that the pleadings and stipulations alone were insufficient to form a basis upon which the court could decide the issue of inconvenient forum. The trial court's discretion must necessarily be based upon such factors as convenience to the parties in obtaining documents and witnesses, the expense involved in trying the case, questions of foreign law, trial docket and other matters. *Harvey* v. *Eastman Kodak Co.,* 271 Ark. 783, 610 S.W.2d 582 (1981). As stated in *Harvey,* the application of *forum non conveniens* lies within the sound

discretion of the trial court and we will disturb the decision only upon a showing of abuse of discretion. However, the record must show the matters considered by the court in applying the doctrine before we can make a decision. In the case before us we do not know what, if any, facts the court considered when it based its decision upon the interests of substantial justice. There is no reason why a court should not be allowed to raise the doctrine of *forum non conveniens* on its own but its decision must be supported by facts in the record. *Haynes* v. *Carr*, 379 A.2d 1178 (D.C. App. 1977).

Appellant contends the court erred in dismissing the complaint because another action was pending in federal court in Puerto Rico. We agree that the trial court was not compelled to dismiss the action because of the other proceeding in Puerto Rico. We have held that federal district courts and state courts are separate jurisdictions and identical cases between the same parties may be pending in each court at the same time. *Carter* v. *Owens-Illinois, Inc.*, 261 Ark. 728, 551 S.W.2d 209 (1977). In situations where separate causes of action are pending at the same time the first one to judgment is binding on the parties. *Carter* v. *Owens-Illinois, Inc.,* supra.

The case is remanded to the trial court with directions to consider evidence and facts necessary to invoke the doctrine of *forum non conveniens,* if the court or either of the parties desire to rely upon the doctrine.