## LIFE OF AMERICA INSURANCE COMPANY *v.* BAKER-LOWE-FOX INSURANCE MARKETING, INC.

93-1210 873 S.W.2d 537

Supreme Court of Arkansas
Opinion delivered April 18, 1994

*Davidson, Horne & Hollingsworth*, by: *Allen W. Horne* and *Mark H. Allison*, for appellant.

*William F. Sherman*, for appellee.

DAVID NEWBERN, Justice. The issue in this appeal is whether the Trial Court erred in dismissing a complaint on the basis of *forum non conveniens*. We affirm based on our conclusion that the Trial Court did not abuse his discretion in making that decision.

The dispute involves two Texas companies. One of them, the appellee, Baker-Lowe-Fox Insurance Marketing, Inc. (BLF), entered an agreement with Union Life Insurance Co., an Arkansas-based company, by which BLF was given the exclusive right to market a health insurance policy known as the "Champion" policy. Union Life Insurance Co. subsequently assigned its rights in the marketing agreement to the appellant, Life of America Insurance Company (LOA), the other Texas company, which then became responsible to BLF under the marketing agreement.

The agreement included these provisions:

B. Arbitration

Except as provided in Article IX, those disputes and differences in respect of this Agreement which cannot be satisfactorily resolved shall be submitted to binding arbitration in accordance with the procedures of the American Arbitration Association. The allocation of the cost of arbitration, including attorney fees, shall be made by the arbitrators.

\*\*\*

## E. Enforcement

> This Agreement is made subject to the laws of the State of Arkansas and jurisdiction for the enforcement of this Agreement shall be in the courts of Pulaski County, Arkansas.

Article IX, referred to in the arbitration clause, concerns various aspects of compensation to be paid to BLF and insurance agents marketing the policy.

BLF contends that, shortly after the assignment of the agreement, the number of Champion policyholders decreased dramatically due to intentional acts on the part of LOA designed to avoid its obligations under the marketing agreement. BLF sued LOA in a Texas court where LOA asserted the arbitration and enforcement clauses. The Texas court refused to dismiss on the basis of the arbitration clause and assumed jurisdiction of the case.

LOA then brought this action in the Pulaski Circuit Court seeking an order compelling arbitration of the dispute. The Trial Court dismissed the claim on the basis of *forum non conveniens*. LOA contends the arbitration clause in the marketing agreement deprives the Trial Court of authority to make a *forum non conveniens* determination.

According to LOA, the mere presence of personal and subject matter jurisdiction is sufficient to require that the Trial Court not dismiss on the basis of *forum non conveniens*. It relies on *Scherk* v. *Alberto-Culver Co.*, 417 U.S. 506 (1974), for the proposition that the factors which determine the most convenient forum are the forum selection and arbitration clauses, as that is what was bargained for by the original parties.

At issue in the *Scherk* case was a sales agreement between an American company and Mr. Scherk, a German citizen. The agreement was negotiated in three countries, signed in another and closed in yet another. It contained an arbitration clause which provided that any controversy would be referred to arbitration before the International Chamber of Commerce in Paris, France. A dispute arose and Alberto-Culver filed an action for damages in a Federal District Court in Illinois, alleging a violation of the

Securities Exchange Act of 1934. Mr. Scherk's motion to dismiss the complaint for lack of personal and subject matter jurisdiction, and *forum non conveniens*, was denied. The District Court also denied his motion to stay the action pending arbitration in Paris.

The Supreme Court reversed and found that the provisions of the United States Arbitration Act controlled and the dispute should be arbitrated under the terms of the agreement.

LOA's reliance on this case is misguided. Neither the District Court nor the Supreme Court based its decision on *forum non conveniens*. The focus was on the competing interests between enforcement of the United States Securities Act which protected the interests of United States citizens and the desirability of use of arbitration under the United States Arbitration Act. The Supreme Court held that, as between these two interests, the Arbitration Act should control due to the potentially hostile forum which one of the international participants could face if the arbitration clause were not upheld. The Court made no ruling as to Mr. Scherk's claim of *forum non conveniens*.

LOA also cites *Spring Hope Rockwool* v. *Industrial Clean Air, Inc.*, 504 F.Supp. 1385 (E.D.N.C. 1981), for its proposal that where the arbitration clause provides the situs for arbitration, such arbitration cannot be avoided under the doctrine of *forum non conveniens*.

In that case one of the litigants was incorporated and had its principal place of business in California. The other litigant was located in North Carolina. The agreement between the parties contained an arbitration clause which specifically provided that the place of arbitration would be Berkeley, California. A dispute arose. Among its other claims, the North Carolina company attempted to change the situs of the arbitration on the basis of *forum non conveniens*. The Trial Court held that the doctrine of *forum non conveniens* could not be used to change the situs of arbitration when it was specifically provided in the arbitration clause.

The *Spring Hope Rockwool* case does not relate to the issue before us. Rather, it stands for the proposition that the doctrine of *forum non conveniens* may not be used to defeat enforcement

of a situs provision within an arbitration clause. It has no bearing on the use of the doctrine to determine which court should enforce the agreement as a whole, *i.e.*, the agreement containing the arbitration clause.

■■ According to Ark. Code Ann. Sec. 16-4-101 (Supp. 1993), "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition that may be just." The application of *forum non conveniens* lies within the sound discretion of the Trial Court. *See Country Pride Foods Ltd.* v. *Medina & Medina*, 279 Ark. 75, 648 S.W.2d 485 (1983). Only if this discretion is abused will the reviewing court reverse. *Id.*

■■ The factors to be considered in applying the doctrine are the convenience to each party in obtaining documents or witnesses, the expense involved to each party, the condition of the trial court's docket, and any other facts or circumstances affecting a just determination. *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981). We have been cited to no authority which holds that forum selection and arbitration clauses control the *forum non conveniens* doctrine.

In his order the Trial Court found the following with respect to the enforcement clause in the agreement:

> 7. The original drafting and signing of the contract between Union Life Insurance Company and the Defendant herein placed the facts squarely in Arkansas and there was justification for placing paragraph E concerning the forum and law to be applied in the event of a dispute. However, with the substitution of the Plaintiff herein Life of America into the contract the situation encountered an important turn. No longer was a party to the agreement in the State of Arkansas. Indeed both were now residents of the State of Texas, and further most of the policyholders concerned in this dispute resided in Texas. There still remains some semblance of contact with Arkansas in that if the case went to trial, at least one representative of Union Life Insurance would be compelled to testify, but other than that, Union Life Insurance Company's involvement

was limited. The controversy basically is between two Texas companies concerning Texas policy holders. Thus the question is whether Paragraph E can override these strong reasons to allow the case to proceed in the Texas courts. This Court does not believe so.

8. In examining the evidence in this case the Court finds the following factors reflecting the convenience of trying the case in Texas:

a. Both parties reside in Texas.

b. The vast majority of the insurance policies in question were sold in Texas.

c. Union Life Insurance Company, the original party to the agreement, is not involved in the liability portion of the case.

* * *

e. All damages were suffered in Texas.

f. The majority of witnesses would apparently be Texas residents.

All of these facts weigh heavily in deciding the issue of forum non conveniens.

9. Enforcement of a forum provision such as is contained in the present contract will be enforced if found to be "fair and reasonable." *SD Leasing* v. *Spain*, 277 Ark. 178, 640 S.W.2d 451 (1982). At the time the contract was entered into, no doubt it was "fair and reasonable." If Union Life Insurance Company were here instead of Life of America, a Texas corporation, a reason for keeping the case in Arkansas would be strongly enhanced. However, Union Life Insurance Company for all practical purposes is out of this cause of action. The successor to Union Life Insurance Company resides in Texas and the initial contact with Arkansas has lost all relevance to the dispute.

With respect to the arbitration clause, the Trial Court stated:

11. In regard to Paragraph B pertaining to arbitration it appears, at best, to be ambiguous in referring to Article

IX. It appears as is argued by the Defendant that Paragraph B would not apply to issues of compensation as contained in Article IX. However, giving the Plaintiff herein the benefit of the doubt, it is still ambiguous, and must be construed against the drafter, Union Life Insurance Company and its successor, the Plaintiff herein. Thus, even if the case were to be tried in Arkansas, it is doubtful the arbitration provision would apply.

 While we might or might not agree with the Trial Court's assessment of the arbitration clause, we need not reach it because our decision is that the Trial Court properly applied the doctrine of *forum non conveniens*, and it will thus be the responsibility of the court in Texas to rule on all aspects of LOA's rights under the agreement.

Affirmed.