2010 Ark. 6

FARM BUREAU MUTUAL INSUR-
ANCE COMPANY OF ARKAN-
SAS, INC., Appellant,

v.

Barbara GADBURY–SWIFT, Appellee.

No. 09–462.

Supreme Court of Arkansas.

Jan. 14, 2010.

Laser Law Firm, by: Andy L. Turner and Amanda J. Andrews, Little Rock, for appellant.

Michael Hamby, Greenwood, for appellee.

ROBERT L. BROWN, Justice.

Appellant Farm Bureau Mutual Insurance Company of Arkansas, Inc. (Farm Bureau), appeals from an order of the circuit judge of the Pulaski County Circuit Court in which the judge declined to hear Farm Bureau's complaint for declaratory relief under the doctrine of forum non conveniens. In the same order, the judge transferred the matter to the Logan County Circuit Court. We reverse the order of the circuit judge and remand the matter for further proceedings.

The underlying dispute in this case involves the interpretation of a homeowner-insurance contract between Farm Bureau and appellee Barbara Gadbury–Swift. Gadbury–Swift entered into a contract for homeowner insurance with Farm Bureau to insure her residence in Booneville, which is in Logan County. The policy also provided coverage for other structures on her property provided that they were not used "for farming to any extent." On or about March 6, 2008, an out-building on Gadbury–Swift's property collapsed, as a result of a snow storm, causing damage to the building and the enclosed property, which included a tractor and two trailers. Gadbury–Swift filed an insurance claim with Farm Bureau, which Farm Bureau denied. On June 13, 2008, Farm Bureau filed a complaint for declaratory judgment in the Pulaski County Circuit Court, seeking a declaration that the damage to Gadbury–Swift's property was not a covered loss under her policy because "the building was used in whole or in part for farming and contained hay and farming equipment." On June 17, 2008, Gadbury–Swift filed suit against Farm Bureau for breach of the insurance contract in the Logan County Circuit Court.[1]

On July 8, 2008, Gadbury–Swift moved to dismiss Farm Bureau's complaint in Pulaski County on grounds of improper service and improper venue and moved, in the alternative, to transfer the matter to Logan County, where her breach-of-contract claim was pending, on the basis that Logan County was a more convenient forum to litigate the dispute. Farm Bureau responded that venue was proper in Pulaski County under Arkansas Code Annotated section 16–55–213(a)(3)(B), as Pulaski County was the location of its principal office in the state.

At a subsequent hearing on Gadbury–Swift's motion, she urged that venue in the matter was proper in Logan County under Arkansas Code Annotated section 23–79–204, which relates to insurance conflicts, and that Farm Bureau's reliance on section 16–55–213(a)(3)(B) was misplaced. Farm Bureau countered that Pulaski County was the proper venue for its declaratory-judgment action under section 16–55–213(a)(3)(B) because that was the location of Farm Bureau's principal office in the state when the cause of action accrued. At the conclusion of the hearing, the circuit judge found that venue was proper in Pulaski County under section 16–55–213(a)(3)(B), but he declined to hear the case under the doctrine of forum non conveniens. In his January 16, 2009 order, the judge said:

This Court declines to hear this case, over which it has jurisdiction as it specifically finds it would be in the interest of the parties and the public to litigate this matter in another forum, namely, in the

---

1. Gadbury–Swift claimed that she received Farm Bureau's denial letter on the same day that Farm Bureau filed its complaint for declaratory relief and that she filed suit in Logan County before learning of Farm Bureau's complaint in Pulaski County.

Southern District of Logan County, Arkansas, where the Defendant herein had filed a breach of contract action asserting the same facts and circumstances in a case styled *Barbara Gadbury Swift v. Farm Bureau Mutual Insurance,* Logan County, Southern District, Case no.: CIV–08–49–2 which is still pending. The Court finds that in light of the fact that the loss occurred in Logan County, Arkansas and although there will be witnesses from both sides, the Court finds that for the property owners and their witnesses to travel a one hundred thirty mile one way trip would be unreasonable. The issue in this case involves whether or not the property in question was utilized for farming purposes, and although the insurance company may have adjustors from the Pulaski County area, the Plaintiff will undoubtedly have several witnesses from the Logan County area. The Court also notes that the Defendant's attorney has indicated that he is requesting a site view, which would make it unduly expensive for jurors to make a two hundred sixty mile round trip for purposes of viewing the property if the Court allowed such viewing.

Based on these findings, the judge ordered that Farm Bureau's declaratory-judgment action be transferred from the Pulaski County Circuit Court to the Southern District of the Logan County Circuit Court and that all pleadings in the matter be consolidated into Gadbury–Swift's case that was already pending there.[2] Farm

Bureau appealed from that order on February 6, 2009.[3]

Farm Bureau's issue on appeal is that the circuit judge erred by declining to hear its petition for declaratory relief and by transferring the matter to Logan County under the doctrine of forum non conveniens. More specifically, Farm Bureau contends that established precedent prohibits a circuit judge from declining to hear a case under the doctrine of forum non conveniens, when proper venue has been established by a diligent party. Farm Bureau further contends that intrastate application of the doctrine is prohibited by prior case law, and it refers this court to *Hicks v. Wolfe,* 228 Ark. 406, 307 S.W.2d 784 (1957), as authority for that principle. In the alternative, Farm Bureau maintains that the circuit judge's decision was based on insufficient evidence. Gadbury–Swift responds that the circuit judge's decision was authorized by Arkansas Code Annotated section 16–4–101(d), which concerns inconvenient forums, and that the judge's decision is otherwise appropriate under the law of forum non conveniens.

■ This court has formally recognized the doctrine of forum non conveniens, which allows a circuit court to decline to hear a matter even though the court has jurisdiction to do so. *See Running v. Southwest Freight Lines, Inc.,* 227 Ark. 839, 303 S.W.2d 578 (1957), *overruled on other grounds, Malone & Hyde, Inc. v. Chisley,* 308 Ark. 308, 825 S.W.2d 558

2. The order contained a Rule 54(b) certificate that it was a "final order." Because the order was manifestly a final order for purposes of Farm Bureau's action in Pulaski County, the judge's Rule 54(b) certificate was unnecessary.

3. Farm Bureau later filed a petition for writ of certiorari and stay of the proceedings with this court on June 17, 2009, and sought an

order prohibiting the Pulaski County Circuit Court from declining to hear its declaratory-judgment action. On September 10, 2009, this court denied Farm Bureau's request to expedite consideration of its petition and declined to consider the petition until submission of the case. In light of our decision today, the petition for writ of certiorari is moot.

(1992). The doctrine is generally applied in situations where it would be in the interests of the parties and the public to try the case in another forum. *Wal–Mart Stores, Inc. v. United States Fid. & Guar. Co.,* 77 Ark.App. 217, 76 S.W.3d 895 (2002) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). By Act 101 of 1963, our general assembly codified the doctrine as part of the Interstate and International Procedure Act:

> INCONVENIENT FORUM. When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.

Ark.Code Ann. § 16–4–101(D) (Repl.1999).

This court has expressed four factors to be considered in determining whether to apply the doctrine of forum non conveniens: (1) the convenience to each party in obtaining documents or witnesses; (2) the expense involved to each party; (3) the condition of the trial court's docket, and (4) any other facts or circumstances affecting a just determination. *E.g., Life of Am. Ins. Co. v. Baker–Lowe–Fox Ins. Mktg., Inc.,* 316 Ark. 630, 873 S.W.2d 537 (1994). Application of the doctrine lies within the sound discretion of the circuit judge and will not be disturbed on appeal absent a showing of an abuse of that discretion. *See, e.g., Harvey v. Eastman Kodak Co.,* 271 Ark. 783, 610 S.W.2d 582 (1981).

Farm Bureau, relying on *Hicks v. Wolfe,* asserts that a circuit judge cannot decline to hear a case under the doctrine of forum non conveniens based on his finding that another county within the state provides a more convenient forum for the dispute because to do so would be to usurp the General Assembly's power to establish venue.

In *Hicks v. Wolfe,* this court reviewed a trial court's application of the doctrine of forum non conveniens to two actions arising from a traffic accident in Scott County, which involved three parties. The first vehicle was owned by Lonnie Hicks and driven by his son of the same name. The second vehicle was owned by Arkansas Motor Freight Lines, Inc., and the third vehicle was owned by Hargis Canneries, Inc. On the same day as the accident, Hicks and his son filed suit in Scott County, where the accident had occurred, while Arkansas Motor Freight Lines, Inc., filed suit in Sebastian County, where it and the Hickses were domiciled.[4]

The Hickses later moved to dismiss the Sebastian County action on the basis that venue had been fixed in Scott County because they had been the first parties to obtain service on the other parties. Arkansas Motor Freight Lines and Hargis Canneries similarly moved to dismiss the Scott County action. The same judge presided over both the Sebastian and Scott County Circuit Courts, and after hearing the motions in both cases together, he ruled that Sebastian County was the more convenient forum for the lawsuit under the doctrine of forum non conveniens. His reasoning was that none of the parties resided in Scott County, that a jury trial could be had quicker in Sebastian County, and that Sebastian County had a greater financial capacity to hear the case. Accordingly, the circuit judge dismissed the Scott County action.

On appeal, the question before this court in *Hicks* was whether the doctrine of forum non conveniens applied "between Counties in this State." *Hicks,* 228 Ark. at 411, 307 S.W.2d at 787. In holding that

---

4. Hargis Canneries was domiciled in Washington County.

**296**

it did not, this court cited *United States v. National City Lines,* 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584 (1948), for the proposition that the doctrine of forum non conveniens should not be applied so as to override a venue statute, because such application would constitute judicial overriding of legislative action as to venue. This court wrote:

> The ... reasoning by the U.S. Supreme Court is faultless: when the legislative branch of the government gives the plaintiff the choice of venues and the plaintiff diligently exercises the choice, then it is not for the courts to invent their own doctrine to overrule the legislative determination.
>
> . . . .
>
> If we should now permit the doctrine of *forum non conveniens* to apply to these venue statutes here involved, the effect would be to allow the *court* to determine the venue rather than the *litigant* whose process was first served. We would thus be allowing the *courts* to determine for themselves the matter of venue as between two conflicting counties, rather than allowing the *litigants* to determine the venue by diligence in filing suit and obtaining process. The Legislature gave the choice of venue to the diligent litigant. The courts should not usurp the legislative power of establishing venue; and such would be the effect of applying the doctrine of *forum non conveniens* to these two venue statutes here involved. What we said in *Running v. Southwest Frt. Lines, Inc.,* Ark., 303 S.W.2d 578, was in regard to an 'imported' case: that is, one that arose outside of the State; and our language in that case should not be extended to apply to cases such as those here presented.

*Hicks,* 228 Ark. at 412–14, 307 S.W.2d at 788–789 (emphasis in original).

We conclude that *Hicks* is dispositive of the issue presented to us in this case. It is well established that the general assembly is vested with the power to establish venue under the Arkansas Constitution. *Dotson v. City of Lowell,* 375 Ark. 89, 289 S.W.3d 55 (2008). Pursuant to this power, the general assembly, in 2003, enacted the venue provision now codified at Arkansas Code Annotated section 16–55–213(a) as part of the Civil Justice Reform Act. This statute provides that all civil actions, excluding certain statutory exceptions, must be brought in one of three counties: (1) the county in which a substantial part of the events or omissions giving rise to the claim occurred; (2) the county in which an individual defendant resided; or (3) the county in which the plaintiff resided or, if the plaintiff is an entity other than an individual, the county where the plaintiff had its principal office at the time of the accrual of the cause of action. The general assembly has thus given litigants the choice of venue. *See Hicks,* 228 Ark. at 414, 307 S.W.2d at 789.

In the case at hand, Farm Bureau was the first party to file suit, and it chose to do so in Pulaski County, the county in which it had its principal office in the state at the time the cause of action accrued. The circuit judge, by applying the doctrine of forum non conveniens, effectively overruled Farm Bureau's choice of venue. As this court stated in *Hicks,* to allow the circuit judges to determine for themselves the matter of venue, rather than allowing the parties to determine the venue by diligence in filing suit, would be to usurp the general assembly's power to establish venue and specifically its decision to give the choice of venue to the diligent plaintiff. *See Hicks,* 228 Ark. at 413–14, 307 S.W.2d at 789; *see also* Newbern & Watkins, Civil Practice and Procedure § 9:1 (4th ed.) ("The doctrine of forum non conveniens

cannot be invoked to dismiss a suit when venue is proper but another county is considered more convenient, for such a result would permit the court to upset the General Assembly's venue choices."). In sum, we hold that the circuit judge erred in declining to hear Farm Bureau's complaint for declaratory relief under the doctrine of forum non conveniens and in transferring this matter to Logan County Circuit Court.

Gadbury–Swift attempts to avoid application of *Hicks* to the present case by noting that *Hicks* predates the general assembly's codification of the forum-non-conveniens doctrine in section 16–4–101(D). She asserts that the plain language of section 16–4–101(D) does not preclude application of the doctrine to counties within the state, and she argues that section 16–4–101(D) "legislatively expanded the common law doctrine announced in *Hicks.*" We do not agree that section 16–4–101(D) legislatively expanded the common law, and, regardless, the fact remains that our general assembly granted the diligent litigant the right to choose the venue in which to file suit. Section 16–4–101(D) is part of the Interstate and International Procedure Act and clearly deals with interstate disputes between parties about the most convenient forum and not intrastate disputes. Moreover, as a statute in derogation of the common law, as expressed in *Hicks*, we strictly construe it and will not alter the holding in *Hicks* unless a desired alteration is plainly expressed in the statute. *See, e.g., Books–A–Million, Inc. v. Ark. Painting and Specialties Co.,* 340 Ark. 467, 10 S.W.3d 857 (2000).

While we agree with the circuit judge that venue over Farm Bureau's declaratory-judgment action is proper in Pulaski County under section 16–55–213(D), we disagree with his conclusion that venue is also proper in Pulaski County under Arkansas Code Annotated section 23–79–204.[5] Section 23–79–204 reads:

> (a) An action brought in this state by or in behalf of the insured or beneficiary against an insurer as to a loss occurring or benefits or rights provided under an insurance policy or annuity contract shall be brought in either:
>
> (1) The county in which the loss occurred, or the insured died, in the case of life insurance; or
>
> (2) The county of the insured's residence at the time of the loss or death.

Ark.Code Ann. § 23–79–204 (Repl.2004).

By its plain terms, section 23–79–204 applies to "an action brought in this state by or in behalf of the insured or beneficiary against an insurer." Construing section 23–79–204 just as it reads, giving the words their ordinary and usually accepted meaning in common language, (*see, e.g., Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 243 S.W.3d 285 (2006)), it is clear that the statute does not apply to a declaratory-judgment action brought by an insurance company against an insured. Such a construction would be contrary to the statute's plain language. Hence, section 23–79–204 has no relevance to the action filed by Farm Bureau in Pulaski County.

Because we hold as we do, it is unnecessary for us to address the other issues raised by Farm Bureau for reversal. We reverse the order of the circuit judge and remand the case with instructions to the circuit judge to vacate the order of transfer and for further proceedings.

---

5. The circuit judge's order states: "This Court has jurisdiction under the venue statute relied upon by the Plaintiff, A.C.A. 16–55–213, as well as the venue statute relied upon by the Defendant found at A.C.A. 23–79–204."

Reversed and remanded. Petition for writ of certiorari moot.

BOWEN, J., not participating in final opinion.