
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV–16–577

|  |  |
|---|---|
| DEONDRE' JOHNSON<br>APPELLANT<br><br>V.<br><br>EQUITY INSURANCE COMPANY<br>APPELLEE | **Opinion Delivered:** February 8, 2017<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. CV-2015-204]<br><br>HONORABLE CHALK MITCHELL, JUDGE<br><br>SUPPLEMENTATION OF THE RECORD AND REBRIEFING ORDERED. |

## RAYMOND R. ABRAMSON, Judge

Deondre' Johnson appeals the Phillips County Circuit Court order dismissing his declaratory-judgment action against Equity Insurance Company ("Equity"). On appeal, Johnson argues that the circuit court erred in dismissing the action as a result of a separate declaratory-judgment action which had been filed in the Pulaski County Circuit Court. Because of deficiencies with the record, addendum, and brief, however, we are unable to reach the merits of his argument at this time.

On March 4, 2012, Johnson was a passenger in a car that was rear-ended by a vehicle driven by Anthony Weeden. Equity insured the car that Weeden was driving at the time of the accident. Johnson filed a negligence suit against Weeden in the Phillips County Circuit Court, and he obtained a jury verdict for $8,000.

On August 18, 2015, Equity filed a declaratory-judgment action against Johnson and Weeden in the Pulaski County Circuit Court. Equity sought an order declaring that its liability coverage on the car did not exist at the time of the accident. On September 11, 2015, Johnson filed a declaratory-judgment action against Equity in the Phillips County Circuit Court. He sought an order declaring that Equity's liability coverage on the car extended to the accident.

On October 1, 2015, Equity filed a motion to dismiss Johnson's complaint in the Phillips County Circuit Court. Equity asserted that because it filed suit first in Pulaski County on the issue of liability coverage, it established venue there. Following a hearing, the court entered an order granting Equity's motion and dismissing Johnson's complaint. Johnson appealed the order to this court.

On appeal, Johnson argues that the circuit court erred in dismissing the suit as a result of Equity's action in the Pulaski County Circuit Court. However, neither the addendum nor the record contains Equity's complaint from Pulaski County. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Whitson v. State*, 2013 Ark. App. 730; Ark. R. App. P.–Civ. 6(e). Arkansas Supreme Court Rule-42(a)(8) (2014) states that the addendum must include all relevant pleadings, orders, documents, and exhibits in the record that are essential to an understanding of the case. Accordingly, we order supplementation of the record and addendum with the complaint filed in the Pulaski County Circuit Court.

SLIP OPINION

We also take this opportunity to address a deficiency in Johnson's brief. Specifically, in the statement of the case and the argument section, Johnson refers to page citations in the record, not the addendum. Arkansas Supreme Court Rule 4–2(a)(6)–(7) requires that references in the statement of the case and argument section shall be followed by a reference to the page number in the addendum. Thus, Johnson needs to correct this deficiency.

Accordingly, for the reasons listed above, we order the record to be supplemented with Equity's complaint that was filed in the Pulaski County Circuit Court. Johnson is granted thirty days from the date of this opinion to file a supplemental record. Upon filing the supplemental record, Johnson will be given fifteen days to file a substituted abstract, addendum, and brief. We encourage appellate counsel to review our rules to ensure that no additional deficiencies are present.

Supplementation of the record and rebriefing ordered.

GLOVER and MURPHY, JJ., agree.

*Dan R. Etherly*, for appellant.

*Chester C. Lowe, Jr., P.A.*, by: *Chester C. Lowe, Jr.*, for appellee.