

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-577

| | |
|---|---|
| DEONDRE' JOHNSON<br>APPELLANT | **Opinion Delivered:** September 13, 2017 |
| | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-15-204] |
| V. | |
| EQUITY INSURANCE COMPANY<br>APPELLEE | HONORABLE CHALK S. MITCHELL, JUDGE |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Deondre' Johnson appeals the Phillips County Circuit Court order dismissing his declaratory-judgment action against Equity Insurance Company (Equity). On appeal, Johnson argues that the circuit court erred in dismissing the suit. We affirm.[1]

On March 4, 2012, Johnson was a passenger in a car that was rear-ended by a vehicle driven by Anthony Weeden. Equity insured the car that Weeden was driving at the time of the accident. Johnson filed suit against Weeden in the Phillips County Circuit Court for negligence arising out of the accident, and he obtained a jury verdict in the amount of $8,000.

---

[1]This is the second time this case has been before our court. We previously ordered supplementation of the record and rebriefing. *See Johnson v. Equity Ins. Co.*, 2017 Ark. App. 76. Johnson has satisfactorily addressed the deficiencies.

Thereafter, on August 18, 2015, Equity filed a declaratory-judgment action against Johnson and Weeden in the Pulaski County Circuit Court. Equity sought an order declaring that its liability coverage on the car did not exist at the time of the accident.

On September 11, 2015, Johnson filed a declaratory-judgment action against Equity in the Phillips County Circuit Court. He sought an order declaring that Equity's liability coverage on the car extended to the accident. Johnson also alleged a bad-faith claim against Equity. Johnson served Equity with the complaint on September 16, 2015.

On October 1, 2015, Equity filed a motion in the Phillips County Circuit Court to dismiss Johnson's complaint pursuant to Arkansas Rule of Civil Procedure 12(b)(3) and (b)(8). Equity asserted that because it filed suit first in Pulaski County on the issue of liability coverage, it established venue there, and Johnson's suit in Phillips County should be dismissed. Johnson responded that the case should not be dismissed because even though Equity filed suit first in Pulaski County, Equity had not served him with a summons in that suit. He pointed out that he perfected service on Equity in the Phillips County case on September 16, 2015. Thus, Johnson argued that the first to both file and perfect service established proper venue. After Johnson had filed his response, Equity served him with the Pulaski County complaint on November 20, 2015.

On January 15, 2016, the Phillips County Circuit Court held a hearing on Equity's motion to dismiss, and on that same day, the court entered a written order granting the motion and dismissing Johnson's complaint. Johnson timely appealed the order to this court.

On appeal, Johnson argues that the court erred in dismissing his action because he established venue first by filing suit and serving Equity in the Phillips County action before

Equity served him in the Pulaski County action. In making this argument, he relies on our supreme court's decision in *Farm Bureau Mutual Insurance Co. of Arkansas v. Gadbury-Swift*, 2010 Ark. 6, 326 S.W.3d 291, asserting that it stands for the proposition that venue is established only after a complaint is filed and service is obtained. Johnson points out that *Gadbury-Swift* cites *Hicks v. Wolfe*, 228 Ark. 406, 413–14, 307 S.W.2d 784, 789 (1957), and *Hicks* specifically states that "litigants . . . determine venue by diligence in filing suit and obtaining process."

We find Johnson's argument without merit. *Gadbury-Swift* does not hold that venue is fixed only after service is obtained. *Gadbury-Swift* holds that the first party to file suit establishes venue and the doctrine of forum nonconveniens cannot be invoked to dismiss a suit when venue is proper in another county. *Gadbury-Swift*, 2010 Ark. 6, 326 S.W.3d 291. The *Gadbury-Swift* court cited *Hicks* only to support its proposition that the doctrine of forum nonconveniens did not apply between counties.

Moreover, the Arkansas Rules of Civil Procedure were adopted following *Hicks*, and Rule 3 states that an action "is commenced by filing a complaint with the clerk of the court." *See* Ark. R. Civ. P. 3. Arkansas law prior to Rule 3 provided an action was commenced by filing a complaint and placing it and a summons in the hands of the sheriff. Ark. Stat. Ann. § 27–301 (Repl. 1962); *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). Section 27–301 was subsequently changed by an earlier version of Rule 3, which contained a sentence providing that an action would not be deemed commenced unless service was actually obtained within 60 days of filing the complaint. *Green*, 304 Ark. 484, 803 S.W.2d 536. That sentence was deleted, leaving the present Rule 3. At the same time

the deletion was made in Rule 3, the time requirement for service was moved to Rule 4(i).

*Id.* The Reporter's Notes on these changes are helpful in interpreting and understanding Rule 3:

> This Rule changes Arkansas law. The statute, *Ark. Stat. Ann.* § 27–301 (Repl. 1962), which is superseded by this rule provided, in part, that an action was commenced by filing a complaint and placing it and a summons in the hands of the sheriff of the proper County. Under this Rule, an action will commence without regard to receipt by the process server, subject only to the requirement that service be complete within 60 days from the filing of the complaint, unless the time for service has been extended by the court. . . . This rule will do away with uncertainty in "race to venue" and statute of limitation cases as to where or when the action was first commenced. It will also do away with the need to decide whether the Complaint and Summons have been placed in the hands of the sheriff with reasonable expectations of service or whether the Complainant has acted in good faith in trying to effect service.

Ark. R. Civ. P. 3 rep. notes. In the current Rule 4, the time requirement for service is 120 days. Accordingly, under Arkansas law, an action is first commenced by filing a complaint with the clerk of the court subject to the requirement that the plaintiff complete service within 120 days. Thus, in this case, the fact that Johnson served Equity first in the Phillips County suit is immaterial. Accordingly, the court properly dismissed Johnson's action in Phillips County.

Affirmed.

GRUBER, C.J., and HARRISON, J., agree.

*Don R. Etherly*, for appellant.

*Chester C. Lowe, Jr., P.A.*, by: *Chester C. Lowe, Jr.*, for appellee.